UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

SHONTEL LINDSAY,                              }
ON BEHALF OF HERSELF AND                      }
ALL OTHERS SIMILIARLY SITUATED,              }
                                              **}**
                             Plaintiff,       }        Civil Action, File No.
                    v                         }        2:17-cv-01357-JFB-ARL
                                              }
FMS INC.,                                     }
                                              }
                             Defendant.       }

## COMPLAINT

## DEMAND FOR TRIAL BY JURY

Plaintiff, Shontel Lindsay [hereinafter "Lindsay"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, FMS Inc. [hereinafter "FMS"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on FMS' regular transaction of business within this district.  Venue in this district also is proper based on FMS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  FMS also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Lindsay is a natural person who resides at 6 Clinton Avenue, Bellport, NY 11713.

6. Lindsay is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about October 20, 2015, FMS sent Lindsay the letter annexed as Exhibit A. Lindsay received and read Exhibit A. For the reasons set forth below, Lindsay's receipt and reading of Exhibit A deprived Lindsay of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, FMS sent Exhibit A to Lindsay in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by a credit card issuer such as a bank or other entity (hereinafter "credit card issuer") with the brand name of Kohl's Department Stores Inc. (hereinafter "Kohl's") for her individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges. A credit card account with the brand name of Kohl's is an account issued only to consumers for use solely at Kohl's; and Kohl's sells goods used primarily by consumers primarily for personal, family or household purposes. FMS, via Exhibit A, attempted to collect this past due debt from Lindsay in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. FMS is an Oklahoma domestic corporation located at 4915 South Union Avenue, Tulsa, OK

74107.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. FMS possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon FMS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of FMS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, FMS sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

14. Based upon the allegations in the above two paragraphs, FMS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

**FIRST CAUSE OF ACTION-CLASS CLAIM**

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A set forth a "Current Balance" of $585.16.

17. Any "Current Balance" resulted from an agreement between Lindsay and the credit card issuer and/or the original creditor; and this agreement was set forth in and formed via a

contract, a set of terms and conditions, and/or account statements.

18. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue on any "Current Balance" due but unpaid to the credit card issuer and/or the original creditor.

19. Upon information and belief, pursuant to the aforementioned agreement, the credit card issuer and/or the original creditor and any assignee or successor-in-interest had a legal right at any time to collect from Lindsay the aforementioned interest, late charges, and/or other charges which had continued to accrue on any "Current Balance" due but unpaid to the credit card issuer and/or the original creditor and any assignee or successor-in-interest.

20. The aforementioned right to collect from Lindsay the aforementioned accrued interest, late charges, and/or other charges in addition to any "Current Balance" is not waived by the credit card issuer and/or the original creditor or any assignee or successor-in-interest as a result of a failure by either the credit card issuer and/or the original creditor and any assignee or successor-in-interest at any point in time to attempt to collect from Lindsay the aforementioned accrued interest, late charges, and/or other charges in addition to any "Current Balance".

21. Exhibit A failed to notify Lindsay that her "Current Balance" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

22. For the above reasons, as a result of the aforementioned omission from Exhibit A, Defendant violated 15 USC § 1692e and 15 USC § 1692g(a)(1) by sending Exhibit A to Lindsay.

## SECOND CAUSE OF ACTION-CLASS CLAIM

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

20. Exhibit A sets forth a "Current Balance" of $585.16.

21. Exhibit A does not set forth that the "Current Balance" of $585.16 may increase due to interest, late charges, and/or other charges.

22. Since Exhibit A does not set forth that the "Current Balance" of $585.16 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Current Balance" of $585.16 was static and that their payment of $$3,396.83 would satisfy the debt irrespective of when the payment was remitted.

23. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

24. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)". <u>Tesser v. Allboro Equip. Co.</u>, 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and <u>Lee v. Joseph E. Seagram & Sons, Inc.</u>, 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

25. Lindsay owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

26. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

27. As regards the past due debt set forth in Exhibit A, the credit card issuer and/or the original creditor had a guaranteed right to interest on the "Current Balance" of $585.16 from the date of Exhibit A or an earlier date.  NY CPLR 5001 (a) and (b), Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

28. Based on the above, the "Current Balance" of $585.16 set forth in Exhibit A was not static. Instead, interest was in fact accruing on the "Current Balance" of $585.16 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

29. Based on the above, the credit card issuer and/or the original creditor could seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Current Balance" of $585.16 set forth in Exhibit A was paid.

30. In the alternative, the credit card issuer and/or the original creditor could have sold Lindsay's debt to a third party and based on the above such third party could seek the interest that accumulated after Exhibit A was sent but before the "Current Balance" of $585.16 set forth in Exhibit A was paid.

23. Based on the above, since Exhibit A does not set forth that the "Current Balance" of $585.16 may increase due to interest, Defendant violated 15 USC § 1692e and 15 USC § 1692g(a)(1) by sending Exhibit A to Lindsay.

**THIRD CAUSE OF ACTION-CLASS CLAIM**

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

25. Exhibit A did not set forth what Lindsay would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Current Balance" of $585.16 to increase.

26. Exhibit A did not explain whether interest, or new fees or costs are accruing.

27. For the above reasons, Exhibit A did not set forth the amount of the "debt".

28. For this and other reasons, as a result of sending Exhibit A to Lindsay, Defendant violated and 15 USC § 1692g(a)(1).

**FOURTH CAUSE OF ACTION-CLASS CLAIM**

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

30. Exhibit A sets forth the name of the creditor as Kohl's Department Stores Inc.

31. The credit card issuer rather than Kohl's Department Stores Inc. is the entity to which Lindsay owed the "Current Balance" of $585.16

32. Based on the above, FMS violated 15 USC § 1692g(a)(2), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10) by sending Exhibit A to Lindsay.

**FIFTH CAUSE OF ACTION-CLASS CLAIM**

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

34. Exhibit A sets forth an Account Summary.

35. If for the reason(s) set forth in the above causes of action interest, late charges, and/or other

charges continued to accrue on any "Current Balance" due but unpaid to the credit card issuer and/or the original creditor and any assignee or successor-in-interest, FMS violated 15 USC § 1692e, 15 USC § 1692e(2)(A), and/or 15 USC § 1692e(10) by including in Exhibit A one or more of portions of the Account Summary.

## SIXTH CAUSE OF ACTION-CLASS CLAIM

36. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

37. Upon information and belief, the "Current Balance" of $585.16 set forth in Exhibit A exceeded the amount of the debt "charged-off" by the credit card issuer and/or the original creditor or the amount of the debt due the credit card issuer and/or the original creditor at the time the credit card issuer and/or the original creditor waived or otherwise lost its legal right to charge Lindsay interest, late charges, and/or other charges.  For this and other reasons, Exhibit A amounted to a false, deceptive or misleading means by FMS in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5), and 15 USC 1692e(10), and/or amounted to an unfair or unconscionable means by FMS to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## SEVENTH CAUSE OF ACTION-CLASS CLAIM

38. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

39. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## EIGHTH CAUSE OF ACTION-CLASS CLAIM

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

41. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

42. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

43. The classes consist of:

I.      (a) all natural persons (b) who received a letter from FMS dated between October 20, 2015 and the present to collect a past due debt, (c) in a form materially identical or substantially similar to Exhibit A;

II.     (a) all natural persons (b) who received a letter from FMS dated between October 20, 2015 and the present to collect a past due debt, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt; and/or

III.    (a) all natural persons (b) who received a letter from FMS dated between October 20, 2015 and the present to collect a past due debt, (c) where the letter sets forth the name of the creditor as Kohl's Department Stores Inc.

44. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

45. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

46. The predominant common question is whether Defendant's letters violate the FDCPA.

47. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

48. A class action is the superior means of adjudicating this dispute.

49. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against FMS in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:        June 8, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709